**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
                                   :
THOMAS REYES,                      :
                                   :    Civil Action No.
            Petitioner,            :    10-537 (JBS)
                                   :
      v.                           :    MEMORANDUM OPINION
                                   :    AND ORDER
BUREAU OF PRISONS,                 :
                                   :
            Respondent.            :
_____:
```

This matter is before the Court upon submission of Petitioner's application for habeas corpus relief, pursuant to 28 U.S.C. § 2241,[1] see Docket Entry No. 1, and it appearing that:

---

[1] The Petition arrived unaccompanied by Petitioner's filing fee or his in forma pauperis application. The "revised [Habeas] Rule 3(b) requires the [C]lerk to file a petition, even though it may otherwise fail to comply with [Habeas] Rule 2. The [R]ule . . . is not limited to those instances where the petition is defective only in form; the [C]lerk [is] also required . . . to file the petition even though it lack[s] the required filing fee or an in forma pauperis form." 28 U.S.C. § 2254, Rule 3, Advisory Committee Notes, 2004 Am. However, Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." 28 U.S.C. § 1914(a). The accompanying provision, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant who submits a sufficient application. See 28 U.S.C. § 1915(a)(1). Therefore, this Court will construe Petitioner's filing of the Petition as an act indicating Petitioner's willingness to assume financial responsibilities associated with initiation of this matter, see Hairston v. Gronolsky, 2009 WL 3303712 (3d Cir. Oct. 15, 2009) (clarifying that, regardless of the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing

1.   Petitioner challenges the increase in his FRP collection. See id.

2.   Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."[2]  Id.  As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging deprivation of a constitutional right.  See Brown v. Philip

---

fee [is automatically] incurred by the initiation of the action itself") (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)), and will direct Petitioner to either submit his filing fee or to file his complete in forma pauperis application.

[2]  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release.  See id. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See id. at 494.  Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition.  See id. at 500.

Morris, Inc., 250 F.3d 789, 801 (3d Cir. 2001) ("A Bivens action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").

3. The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable

and a civil complaint is the appropriate form of remedy.[3] See, e.g. Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

4. The courts have consistently ruled that challenges to FRP collections fall outside habeas jurisdiction. See, e.g.,

---

[3] As noted supra, the filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of PLRA do not apply to in forma pauperis habeas corpus petitions and appeals). In contrast, the filing fee of a civil rights complaint is $ 350.00. Inmates filing a civil rights complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments which are deducted from the prison account. See 28 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Because of these differences, the court generally do not sua sponte re-characterize a habeas pleading as a civil rights complaint.

Douglas v. Martinez, 2009 U.S. Dist. LEXIS 123708 (M.D. Pa. Oct. 28, 2009) (finding lack of habeas jurisdiction to entertain challenges to F.R.P. collections and citing Easton v. Williamson, 267 Fed. App'x 116 (3d Cir. 2008) ("We agree with the District Court insofar as it concluded that Easton's claim does not fall within the purview of § 2241, because he does not challenge the execution of his sentence, but rather, he challenges the failure of the sentencing court to follow the strictures of the MVRA"); Garcia v. Martinez, 2009 U.S. Dist. LEXIS 48218 (M.D. Pa. June 9, 2009) (dismissing challenges to F.R.P. collections for lack of jurisdiction); Jennings v. Bureau of Prisons, 2009 U.S. Dist. LEXIS 36248 (M.D. Pa. Apr. 30, 2009) (same); Warner v. Martinez, 2009 U.S. Dist. LEXIS 115062 (M.D. Pa. April 10, 2009) (same)).  In light of the foregoing, Petitioner's instant application is subject to dismissal for lack of jurisdiction.

IT IS, therefore, on this **12th** day of **April**, **2010**,

ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed, for lack of jurisdiction, without prejudice to Petitioner raising his claims in a duly filed civil complaint;[4] and it is further

---

[4] The Court expresses no opinion as to the merits of Petitioner's claims.  Any such civil complaint must be accompanied by the $350.00 filing fee or a completed application

ORDERED that, within thirty days from the date of entry of this Order, Petitioner shall either remit his filing fee of $5.00 or file his duly executed application for waiver of the $5.00 fee in forma pauperis; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner, by regular U.S. mail, together with: (a) a blank in forma pauperis form for prisoners seeking habeas relief, (b) a blank in forma pauperis form for prisoners seeking to file a civil complaint, and (c) a blank civil complaint form; and it is finally

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

                                                  s/ Jerome B. Simandle
                                                  Jerome B. Simandle
                                                  United States District Judge

---

for leave to proceed without prepayment of fees, including the plaintiff's six-month institutional account history.